LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD REDDINGTON
(202) 434-5063
ereddington@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 31, 2018

<u>Via ECF</u>

Honorable Lorna G. Schofield
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Coordinated RMBS Trustee Actions Against HSBC Bank USA, NA*, Case Nos. 14-cv-8175, 14-cv-9366, 14-cv-10101, 15-cv-02144, 15-cv-10032, 15-cv-10096

Dear Judge Schofield:

    I write in response to Plaintiffs' January 30 letter submitted in response to Judge Forrest's decision in *Deutsche Bank v. Morgan Stanley Mortgage*, No. 14-cv-303, ECF No. 145 (S.D.N.Y. Jan 25, 2018). *Deutsche Bank* does not hold that sampling is appropriate in a case against an RMBS trustee, and, contrary to the arguments in Plaintiffs' letter, *Deutsche Bank* does not support Plaintiffs' Rule 72 Objections to Magistrate Judge Netburn's Sampling Order.

    *Deutsche Bank* is not a case against an RMBS trustee. Rather, it is a case against an RMBS sponsor who the plaintiff-trustee alleges "knowingly and intentionally 'conveyed a pool of defective mortgage loans' to the Trust 'as part of a plan to empty [its] position' of such loans before the housing market collapsed." *Deutsche Bank*, at 54. Unlike sponsors, indenture trustees had no role in the origination, sale, or due diligence of mortgage loans, and indenture trustees make no representations and warranties about such loans. Regardless of whether the *Deutsche Bank* decision is correct in the context of a case against a sponsor,[1] its logic and legal analysis is inapplicable to a case against an indenture trustee.

    As Plaintiffs point out in their letter, *Deutsche Bank* hinges on rejecting the requirement of "loan-by-loan analysis and proof." Ltr. at 1. It is controlling law, however, that claims against an RMBS trustee must be proved on a "loan-by-loan basis." Dkt. No. 81 (June 1, 2015

---

[1] There is good reason to believe it is not correct. Contrary to the erroneous assertion in Plaintiffs' January 30 letter, this is *not* a *securities* case. Instead, it is a contract case. While sampling has been used in some securities cases involving RMBS trusts, because of the contractual language at issue in RMBS pooling and servicing agreements, courts have rejected the use of sampling in contract cases brought against sponsors. *MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Sec. Inc.*, 2015 WL 764665 (S.D.N.Y. Jan. 9, 2015); *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-CV-5067 (S.D.N.Y., Nov. 13, 2017); *In re Lehman Bros. Holdings Inc.*, 2014 WL 8274868 (Bankr. S.D.N.Y. Dec. 29, 2014); *Bear Stearns Mortg. Funding Tr. 2007-AR2 v. EMC Mortg. LLC*, No. 6861-CS (Del. Ch. Nov. 8, 2012) (Strine, Ch.).

WILLIAMS & CONNOLLY LLP

Honorable Lorna G. Schofield
January 31, 2018
Page 2

Order), at 20 ("plaintiffs must prove their claims 'loan-by-loan and trust-by-trust'" (*citing Retirement Bd. of the Policeman's Annuity and Benefit Fund of the City of Chicago*, 775 F.3d 154, 162 (2d Cir. 2014)).  For this reason alone, Judge Forrest's conclusions about sampling in *Deutsche Bank* are irrelevant to this case.

Similarly, *Deutsche Bank* also turned in part on the theory that an RMBS sponsor's duties could be triggered by "constructive or inquiry notice."  Ltr. at 2.  It is well-established again, however, that such inquiry notice is insufficient in a case against a trustee, and that, at summary judgment or trial, Plaintiffs instead must prove "actual knowledge regarding the loans at issue here."  Dkt. No. 81 at 22.[2]  Indeed, no court has held that "constructive or inquiry notice" would be sufficient at trial to prove a case against a trustee.  Such a standard is incompatible with the limited duties of an indenture trustee and the contractual terms of the PSAs at issue in RMBS trusts.  *See, e.g.*, *Commerce Bank*, 35 N.Y.S.3d at 65; *Blackrock Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 WL 3610511, at *9 (S.D.N.Y. Aug. 21, 2017) (because [the trustee] cannot be required to investigate under the parties' contract, [the trustee] cannot be held liable on the basis of constructive knowledge").

A review of the decisions relied upon in the *Deutsche Bank* opinion confirms that *Deutsche Bank's* analysis is inapplicable here.  Despite analyzing at length the cases "consider[ing] and decid[ing]" the issues raised by Morgan Stanley's motion, *Deutsche Bank* does not cite *any* opinions in cases against RMBS trustees.  For example, tellingly absent from *Deutsche Bank's* discussion of sampling is any mention of the multiple courts that have considered and unanimously rejected sampling in cases against trustees.[3]  Judge Forrest did not attempt to distinguish or even address these decisions.  For good reason— such decisions were issued in cases where plaintiffs must prove their case on a loan-by-loan basis and arise in a context in which a trustee's obligations are not triggered by constructive knowledge.  These circumstances distinguish trustee cases from the case at issue in *Deutsche Bank*.

As a result, Judge Forrest's conclusions in *Deutsche Bank* do not suggest that Magistrate Judge Netburn's well-reasoned and thorough Sampling Order is in any way erroneous.

---

[2] Notably, in a prior case against an RMBS *trustee*, Judge Forrest held that a trustee's obligations are triggered by "actual notice, not constructive notice."  *Policemen's Annuity & Ben. Fund of Chi. v. Bank of Am., N.A.*, 943 F. Supp. 2d 428, 436-37, 443 (S.D.N.Y. 2013).  This opinion was issued in the context of a renewed motion to dismiss an amended complaint and clarified an earlier opinion issued by Judge Forrest in the same case that suggested that an indenture trustee had a duty to nose to the source.  Plaintiffs frequently cite the earlier opinion by Judge Forrest without citing the subsequent one.  In any event, controlling law in New York issued after Judge Forrest's opinions confirms that an indenture trustee does *not* have a duty to nose to the source.  *Commerce Bank v. Bank of N.Y. Mellon*, 35 N.Y.S.3d 63, 65 (1st Dep't 2016).

[3] *Blackrock Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017); *W. & S. Life Ins. Co. v. Bank of N.Y. Mellon*, 2017 WL 3392855 (Ohio Comm. Pl. Aug. 4, 2017); *Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, 2017 WL 945099 (S.D.N.Y. Mar. 10, 2017) (Netburn, Mag. J.); *Blackrock Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 WL 953550 (S.D.N.Y. Mar. 10, 2017) (Netburn, Mag. J.).

WILLIAMS & CONNOLLY LLP

Honorable Lorna G. Schofield
January 31, 2018
Page 3

                                               Respectfully submitted,

                                               Edward Reddington

cc: All counsel via ECF